# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **SERGIO VALDIVIESO,** | § | |
| **Plaintiff** | § | |
| | § | **C.A. No. 4:21-02214** |
| | § | |
| **v.** | § | **(previously C.A. No. 4:12-cv-01018)** |
| | § | |
| **SOUTHERN CAT, INC., et al.** | § | |
| **Defendants** | § | |

## PLAINTIFF'S SECOND AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, SERGIO VALDIVIESO, complaining of SOUTHERN CAT, INC. (herineafter sometimes called "SOUTHERN CAT"), EMERGENCY RESPONSE GROUP, LLC. (hereinafter sometimes called "ERG"), SWS ENVIRONMENTAL SERVICES f/k/a EAGLE-SWS, INC. a/k/a PROGRESSIVE ENVIRONMENTAL SERVICES, INC. (hereinafter sometimes called "SWS") and DISASTER RESPONSE GROUP, LLC, (hereinafter sometimes called "DRG"), Marine Spill Response Corp. (hereinafter sometimes called "MSRC") and hereinafter sometimes referred to collectively as "Defendants", and for cause of action would respectfully show unto this Honorable Court the following:

# I
## PARTIES

**1**.     Plaintiff, **SERGIO VALDIVIESO** is a resident of Bradenton, FL

34209.

2.     Defendant, **SOUTHERN CAT, INC**. is a foreign for-profit

corporation doing business in the State of Texas and Louisiana, and within the

jurisdiction of this Honorable Court.  Defendant has made an appearance.

3.     Defendant, **EMERGENCY RESPONSE GROUP, LLC**. is a foreign

for-profit corporation doing business in the State of Texas and Louisiana, and within

the jurisdiction of this Honorable Court.  Defendant has made an appearance in this

matter.

4.     Defendant, **SWS ENVIRONMENTAL SERVICES F/K/A EAGLE-**

**SWS, INC. A/K/A PROGRESSIVE ENVIRONMENTAL SERVICES, INC**. is

a Florida corporation and doing business in the State of Texas and Louisiana, and

within the jurisdiction of this Honorable Court.  Defendant has already made an

appearance in this matter.

5.     Defendant, **DISASTER RESPONSE GROUP, LLC** is a Florida

Corporation and doing business in the State of Texas and Louisiana, and within the

jurisdiction of this Honorable Court.  Defendant can be served with process by

serving its Registered Agent Alfred Ted Ruemke, 406 N. Thompson, Suite 201,

Conroe, Texas 77301.

6.     **MARINE SPILL RESPONSE CORP.** ("MSRC") is a foreign for-profit corporation doing business in the State of Texas, and within the jurisdiction of this Honorable Court. Defendant can be served with process by serving its Registered Agent CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136.

7.     Plaintiff, Sergio Valdivieso, seeks to remove previously identified Defendants BP, PLC, BP Products North America, Inc., BP America, Inc., and BP Products North America Inc.[1]

8.     Plaintiff, Sergio Valdivieso, seeks to remove previously identified Defendant Eastern Research Group, Inc.[2]

## II
## JURISDICTION AND VENUE

9.     At all times pertinent hereto, Plaintiff Sergio Valdivieso was employed by Defendants as a Jones Act seaman and a member of the crew aboard the twenty-four (24) foot fishing vessel on the date of incident in question.

10.     As provided by 46 U.S.C. § 30104 et seq., Defendants individually and/or collectively employed Plaintiff as a Jones Act seaman and/or were the

---

[1] BP was dismissed from this matter through Order & Reason Signed by Judge Barbier, MDL 2179, Section J (ref. doc. 27156).

[2] Eastern Research Group was removed from this matter on March 11, 2013, as improperly named as a party to this suit. Order Signed by Judge Barbier, MDL No. 2179, Section J (ref. doc. 8861)

owners, operators, managers and/or owner *pro hac vice* of the Vessel.

11.     Venue is proper in this Court because; several of the Defendants reside within the Southern District of Texas.

### III
### FACTUAL BACKGROUND

12.     At all times pertinent hereto, the Vessel, a twenty-four-foot fiberglass fishing boat (hereinto sometimes "the Vessel"), was a vessel operated or under the control of Defendants and chartered by Defendant SOUTHERN CAT, ERG, SWS, DRG and/or MSRC and is a vessel within the jurisdiction of the United States, including the United States Coast Guard and relevant United States federal regulations.

### IV
### JONES ACT SEAMAN

13.     At the times pertinent hereto, Plaintiff, SERGIO VALDIVIESO, was employed by Defendant SOUTHERN CAT, ERG, SWS, DRG, and/or MSRC, as a Jones Act seaman and member of the crew of the subject Vessel, as provided in 46 USC § 30104, *et seq*., was assigned by Defendants to the Vessel, and was acting within the course and scope of his employment as a seaman aboard that Vessel at all times relevant to the events forming the basis of this suit.

# V
## JONES ACT NEGLIGENCE
## COUNT I

14.     On or about June 9, 2010, as Plaintiff was performing his assigned duties as a seaman aboard the Vessel, while the Vessel was assisting in the cleanup of the BP Oil Spill and operating in or near Barataria Bay, located offshore Grand Isle, Louisiana, and upon information and belief within 100 yards of land, Plaintiff sustained serious and disabling personal injuries, including to Plaintiff's neck, shoulder, arm, back, and other parts of his body, while attempting to lift, position or reposition oil-absorbing boom. Said injuries were caused, in whole or in part, by the negligence of the Defendants, their agents, servants and/or employees. In particular, SOUTHERN CAT, ERG, SWS, DRG, and/or MSRC failed to provide a safe place to work; failed to provide proper equipment, supervision, and training; failed to inspect the Vessel, and its appurtenances and equipment, including the lack of a proper crane required to hoist, position, or lay the boom; and failed to warn its employees, including Plaintiff, of the dangers associated with their work assignments on that Vessel. Plaintiff was injured while working on the Vessel laying boom by hand, since the Vessel was not equipped with the proper crane or other mechanical hoisting equipment for the job. Plaintiff was required to hoist, hold, and pull boom from the main deck of the boat, work which was so heavy that it ripped tissue in his shoulder and/or neck and caused various other injuries.

# VI
## UNSEAWORTHINESS
## COUNT II

15.     Plaintiff's injuries were legally caused, in whole or in part, by the unseaworthiness of the Vessel, which at all relevant times was operated, controlled and/or chartered by Defendants.  The Vessel was not equipped to properly and safely move and lay boom. The Vessel also was unseaworthy because the master and crew were not properly trained for the task at hand, nor was Plaintiff properly supervised or instructed in the boom-repositioning operation being conducted when Plaintiff was injured.

# VII
## MAINTENANCE AND CURE
## COUNT III

16.     Plaintiff would show that on the above-mentioned and following dates, he was injured while acting as a seaman and employee of Defendant, SOUTHERN CAT, ERG, SWS DRG, and/or MSRC in the service of the Vessel.  As a result, SOUTHERN CAT, ERG, SWS, DRG, and/or MSRC as his Jones Act employer(s) had, and continues to have, a non-delegable duty to provide Plaintiff with all proper and timely maintenance and cure benefits.  Plaintiff would show that: he has required medical treatment as a result of the subject accident and injuries; he has not reached maximum medical improvement; and his seaman-employer's duties to provide maintenance and cure benefits continue.  SOUTHERN CAT, ERG, SWS, DRG,

and/or MSRC has denied such payment and/or has paid benefits in an insufficient amount. As a result of said Defendants' failure to pay and/or delay in timely providing and/or paying the proper amount of maintenance and cure benefits, Plaintiff has suffered further injuries and damages, for which he now sues.

17.     In addition, Plaintiff would show that, after the injuries he received, he was owed the duty of maintenance and cure by SOUTHERN CAT, ERG, SWS, DRG, and/or MSRC, his Jones Act employer(s); that such duty began on the Vessel and has continued from day to day thereafter; and that said maritime employer failed to provide proper maintenance and cure benefits to Plaintiff. Plaintiff asserts that Defendants SOUTHERN CAT, ERG, SWS, DRG, and/or MSRC have been callous, willful, wanton, or otherwise tortious, for which punitive damages are recoverable, in breaching this duty owed to Plaintiff. Defendants SOUTHERN CAT, ERG, SWS, DRG, and/or MSRC also is liable for all reasonable and necessary attorneys' fees and costs incurred on Plaintiff's behalf in seeking to secure proper maintenance and cure benefits from said Defendants.

## VIII
## PUNITIVE DAMAGES, FROM DEFENDANTS' GROSS NEGLIGENCE

18.     Plaintiff also sues for punitive and exemplary damages, due to the gross negligence of Defendants.

# IX
# DAMAGES

19.    By reason of the occurrences made the basis of this action, including conduct on the part of all Defendants, Plaintiff sustained disabling bodily injuries. Plaintiff has suffered physical pain and mental anguish and needs additional medical treatment.

20.    As a result of the foregoing injuries, Plaintiff has suffered a loss of wages in the past and a loss of capacity to work and earn money in the future and his earning capacity may have been impaired permanently.

21.    Additionally, Plaintiff has incurred reasonable and necessary medical expenses in the past and, in reasonable probability, will incur reasonable medical expenses in the future.

22.    As a result of the injuries sustained in the occurrence of June 9, 2010, and the continuing days thereafter, Plaintiff has suffered in the past and, in reasonable medical probability, will continue to suffer in the future.

23.    Plaintiff is physically impaired as a result of the injuries he sustained on or about June 9, 2010, as a consequence, he has lost the ability to perform household services.

# X
# OTHER PROVISIONS

24.     Plaintiff did not cause or contribute to the injuries asserted or damages claimed herein.

25.     Pleading further, in the alternative, if it be shown that Plaintiff was suffering from some pre-existing injury, disease and/or condition, then such was aggravated and/or exacerbated as a result of the occurrences made the basis of this lawsuit.

WHEREFORE, Plaintiff requests that Defendants be summoned to appear and answer, and that, on final trial, Plaintiff have Judgment against Defendants SOUTHERN CAT, INC., EMERGENCY RESPONSE GROUP, LLC., SWS ENVIRONMENTAL SERVICES f/k/a EAGLE-SWS, INC. a/k/a PROGRESSIVE ENVIRONMENTAL SERVICES, INC., DISASTER RESPONSE GROUP, LLC, and MARINE SPILL RESPONSE CORP., for:

1.     All damages permitted at law;

2.     Reasonable attorneys' fees;

3.     Pre-judgment interest;

4.     Post-judgment interest;

5.     Costs of suit;

6.     Punitive damages; and

7.     Such other and further relief, in admiralty, at law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**HERD LAW FIRM, PLLC**

By: _/s/ Charles Herd_

**CHARLES F. HERD, JR**
**TEX. BAR NO. 09504480 | FED ID 2793**
**19500 Tomball Pkwy | Suite 250**
**Houston, Texas 77070**
**Charles.Herd@HerdLawFirm.com**
**T: 713-955-3699 | F: 281-462-5180**

***ATTORNEYS FOR PLAINTIFF***

## CERTIFICATE OF SERVICE

    I hereby certify that on this the 27th day of August 2021, a true and correct copy of the above and foregoing document has been sent to the following counsel of records:

_____

Charles F. Herd, Jr.